**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**EMILE HAWKINS**                                        **CASE NO.  2:25-CV-0870 SEC P**

**VERSUS**                                               **JUDGE JAMES D. CAIN, JR.**

**SHERIFFS DEPT. JEFFERSON**                             **MAGISTRATE JUDGE LEBLANC**
**DAVIS PARISH, ET AL**

## MEMORANDUM ORDER

Before the court are the original and amended civil rights complaints (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Emile Hawkins ("Hawkins" or "Plaintiff").  Docs. 1, 25. Hawkins names as defendants the following: Sheriffs Dept. Jefferson Davis Parish, Jefferson Davis Correctional Center, Warden Powell, Kyle Myers, Warners Levi, Landry, Carrier, Morrison, Caruthens, Casewall, Ward, Staff Member Tiger Mart, Medical Staff Member, Sonnier, and Duhon.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**I.      MOTIONS TO APPOINT COUNSEL (docs. 16, 21)**

Plaintiff also has filed two motions to appoint counsel. Docs. 16, 21.  As an initial matter, the court takes this opportunity to resolve those motions, as well.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern District,* 490  U.S. 296, 300-01

(1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts do not have the power under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeals "[has] supplied factors that a district court should consider in determining whether exceptional circumstances warrant the appointment of counsel, including" the type and complexity of the case; the plaintiff's ability to adequately investigateand his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015); *see also Ulmer*, 691 F.2d. at 213 and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Further, plaintiff has not shown himself to be unable to represent his own legal interests. *See Lozano v. Schubert*, 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

## II.    STATEMENT OF THE CASE

As the Court appreciates it, the gravamen of Plaintiff's original complaint is that staff at the Jefferson Davis Parish Correctional Center used excessive force against him and subsequently denied him medical care.  Doc. 1.  His amended complaint appears to center around a disciplinary charge brought against him in retaliation for filing the instant civil rights suit.  Doc. 25. Unfortunately, Plaintiff's complaints in their present forms are difficult to read and understand. He does not state his claims clearly or identify basic facts about the incidents giving rise to his claims.

As a result of Plaintiff's pleading lapses, the Court does not have enough information to determine whether the claims are factually connected, are subject to being severed from this action, or subject to being dismissed without prejudice. Nevertheless, the undersigned finds Plaintiff should be given an opportunity to file an amended complaint to try and cure these defects. Plaintiff should have an opportunity to plead his best case.

## III.    LAW AND ANALYSIS

### 1.  Frivolity Review

Hawkins has been granted leave to proceed *in forma pauperis* in this matter. Doc. 3. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

3

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### 2. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff should AMEND his complaint to provide the information required by Rule 8. Plaintiff is cautioned that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim. He should write neatly and legibly.

### 3. *Defendants*

#### a. *Jefferson Davis Parish Correctional Center*

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law

4

governs whether the Jefferson Davis Parish Correctional Center has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to the Jefferson Davis Parish Correctional Center.

Further, in Louisiana, a jail is not an entity "legally empowered to do" anything independent of either parish officials or the parish sheriff. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Because a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp. 2d at 892; *see* Fed. R. Civ. P. 17(b). As long recognized by this Court, a parish jail is "not an entity, but a building." *See Lapoint v. Cox*, No. 2:20-CV-0269, 2020 WL 2156765, at *2 (W.D. La. Apr. 2, 2020) (citing *John v. Locke,* 2018 U.S. Dist. LEXIS 1099 at *4 (W.D. La. Jan. 2, 2018)*, report and recommendation adopted,* No. 2:20-CV-00269, 2020 WL 2141719 (W.D. La. May 5, 2020); *McCann v. Louisiana*, No. 11-CV-1663, 2012 WL 1309251, at *2 (W.D. La. Mar. 12, 2012), *report and recommendation adopted,* No. 11-CV-1663, 2012 WL 1309281 (W.D. La. Apr. 16, 2012) (citing *Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) (dismissing the jail as an improper defendant)). Plaintiff should AMEND to dismiss the Jefferson Davis Parish Correctional Center from this suit.

### b. *Jefferson Davis Parish Sheriff's Office*

The Jefferson Davis Parish Sheriff's Office is not a proper party or legal entity capable of suing or being sued under § 1983. Under Fed. R. Civ. P. 17(b), Louisiana law governs whether a sheriff's office has the capacity to sue or be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir. 1977). The parish sheriff's offices in Louisiana are not legal entities capable of suing or being sued. *Porche v. St. Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. Oct. 5, 1999) (citing *Liberty Mut. Ins. Co.*, 350 So.2d at 238; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 965 (M.D. La. Sept. 13, 1988)). Accordingly, the Jefferson Davis Parish Sheriff's Office is not a juridical entity or a person capable of being sued, and Plaintiff should AMEND to dismiss the Jefferson Davis Parish Sheriff's Office from this suit.

### c. *Warden Powell*

Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name Warden

Powell, or any other supervisory official, as s defendant, he must AMEND to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### 4. Claims

#### a. Disciplinary Hearing

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007). Conversely, a civil rights action is the appropriate means for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477 (1994). A "conviction," for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of time credits for good conduct. *See Edwards v. Balisok*, 520 U.S. 641 (1997). An award of damages related to the lost good conduct credits would necessarily imply the invalidity of Hawkins' disciplinary conviction. Plaintiff should AMEND to

7

allege whether or not his disciplinary conviction has been reversed, expunged, or declared invalid through a petition for writ of habeas corpus.

### b. *Medical Care*

First, Plaintiff should identify the name or any identifying features of EACH medical personnel whom he alleges denied him medical care.

If Plaintiff contends that he is still in need of medical care, he should provide the dates he requested treatment, whether or not he was seen by medical staff, the name or identifying features of staff that treated or denied him care, and what occurred at each visit. He should provide the status of his health/injury.

Finally, he should AMEND to allege the treatment he believes he should have received/be receiving as of the date of this Order.

## IV.  CONCLUSION

Before this court determines the proper disposition of Plaintiff's claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the Plaintiff with a copy of this Order.

**IT IS ORDERED** that Plaintiff shall have forty (40) days from receipt of this order to file an amended complaint stating specific facts to support his claim(s). In this repleading, Plaintiff shall legibly explain in detail—for only those claims he is pursuing in this case—how and when his constitutional rights were allegedly violated, identify the defendants responsible for those violations, specify how each defendant personally violated his constitutional rights, and explain how he was harmed or injured by those violations. He must organize each separate claim under a

separate heading in his statement of claim, and clearly state who did what, when, and where for each claim, as well as how he was injured.   Plaintiff may, if he chooses, attach exhibits to his amended complaint, but their relevant substance must be discussed in the body of his amended complaint to be considered by the Court during screening or answered by any defendant who is served.  <u>Once Plaintiff has filed his amended complaint, it will act as the operative pleading in this lawsuit; therefore, it must comprehensively set forth Plaintiff's claims and should not refer to or attempt to incorporate the original complaint or any other filings.</u>  Plaintiff should be as clear and concise as possible, and the amended complaint must be typed or neatly printed so that it is legible. Failure to replead in conformity with this Memorandum Order may result in dismissal.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (docs. 16, 25) are **DENIED** for the reasons set forth above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in chambers this 24th day of October, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

9